# HARRY FISHER v. GEORGE J. SMITH.

(156 N. W. 242.)

'Action for damages for alleged misrepresentation inducing a trade of properties. Plaintiff was a farmer, and defendant a real estate dealer and newspaper man. A trade was made of a farm and personal property thereon situated, for a newspaper plant. Plaintiff alleges certain misrepresentations inducing the trade, and seeks damages.

**Misrepresentations — trade of properties — damages — action for — evidence — value — sufficiency of.**

1. Evidence examined and *held* insufficient to establish misrepresentation as to the value of the plant.

**Newspaper — earning capacity — representations as to — evidence.**

2. Evidence examined and *held* insufficient to sustain the allegations of the complaint to the effect that the earning capacity of the newspaper plant was $120 to $150 per month.

**Subscription list — newspaper — evidence.**

3. Evidence examined and *held* insufficient to establish the alleged misrepresentation relative to the subscription list.

**Partnership — representations — evidence.**

4. Evidence examined and *held* insufficient to show misrepresentation as to the fraudulent inducement relative to a partnership between plaintiff and one T.

**Representations — taking back property exchanged — evidence — sufficiency of.**

5. Evidence examined and *held* insufficient to sustain the allegations of the complaint relative to representations that defendant would trade back properties.

Opinion filed December 6, 1915. Rehearing denied February 5, 1916.

Appeal from the District Court of Ward County, *Leighton,* J. Reversed.

*F. F. Wycoff* and *Greenleaf, Bradford, & Nash,* for appellant.

A mere failure to perform a promise cannot relate back to render the same fraudulent. Fraud cannot be predicated upon a mere promise or statement of intention. 14 Am. & Eng. Enc. Law, 2d ed. pp. 47, 48; Cerny v. Paxton & G. Co. 78 Neb. 134, 10 L.R.A.(N.S.) 640, 110 N. W. 882; Miller v. Sutliff, 241 Ill. 521, 24 L.R.A.(N.S.) 735, 89 N. E. 651.

Where a vendor represents the value of land lying in a neighboring county, the vendee cannot maintain an action for deceit even if he has never seen the land, as he has it in his power to ascertain the value. Saunders v. Hatterman, 24 N. C. (2 Ired. L.) 32, 37 Am. Dec. 404; Ellis v. Andrews, 56 N. Y. 83, 15 Am. Rep. 379; Page v. Parker, 43 N. H. 363, 80 Am. Dec. 172, 6 Mor, Min. Rep. 544; 14 Am. & Eng. Enc. Law, 2d ed. p. 41; Valuable note to Hedin v. Minneapolis Medical & S. Institute, 35 L.R.A. 417; Kent, Com. 485.

When the terms of a bill of sale as to consideration are contractual, parol evidence is not admissible to show a different consideration. Pickett v. Green, 120 Ind. 584, 22 N. E. 737; Thompson v. Bryant, 75 Miss. 12, 21 So. 655; McFarland v. McGill, 16 Tex. Civ. App. 298, 41 S. W. 402.

One may not rely upon the truth of a statement which he knows to be untrue, or which is manifestly false. Manley v. Felty, 146 Ind. 194, 45 N. E. 74; Dunning v. Cresson, 6 Or. 241; Morse v. Rathburn, 49 Mo. 91; Hess v. Young, 59 Ind. 379; Fargo Gas & Coke Co. v. Fargo Gas & E. Co. 37 L.R.A. 595, note "A."

A court, in submitting the issue of fraud to a jury, does not perform its duty without instructions upon the nature of the proof required to support fraud. Such proof must be clear and satisfactory, and not merely by a preponderance of the evidence. Parker v. Hull, 71 Wis. 368, 5 Am. St. Rep. 224, 37 N. W. 351; F. Dohmen Co. v. Niagara F. Ins. Co. 96 Wis. 38, 71 N. W. 69; Shaw v. Gilbert, 111 Wis. 165, 86 N. W. 188; Richmond v. Smith, 117 Wis. 290, 94 N. W. 35.

*Linde & Murphy, Geo. A. McGee, F. W. Medbery,* and *W. H. Cherry,* for respondent.

The proof in the record is insufficient to support the allegations of

the complaint. The measure of plaintiff's damages, if any, is the differ-. ence between the value of- the property obtained had the statements been true and the value of what he actually received. This represents his actual loss by reason of the fraud of the seller, where recovery is sought on the contract. He might rescind the contract and recover back what he had paid. Fargo Gas & Coke Co. v. Fargo Gas & E. Co. 4 N. D. 219, 37 L.R.A. 593, 59 N. W. 1066; Page v. Wells, 37 Mich. 415; Vail v. Reynolds, 118 N. Y. 297, 23 N. E. 301; Morse v. Hutchins, 102 Mass. 439; Doran v. Eaton, 40 Minn. 35, 41 N. W. 244; Wollman v. Wirtsbaugh, 22 Neb. 490, 35 N. W. 216; Drew v. Beall, 62 Ill. 167; Woodward v. Thacher, 21 Vt. 580, 52 Am. Dec. 73; 3 Sutherland, Damages, pp. 389, 390, 392; Beare v. Wright, 14 N. D. 26, 69 L.R.A. 409, 103 N. W. 632, 6 Ann. Cas. 1057.

Further, the amount of damages to which respondent is entitled has been passed upon by the jury, and is conclusive on appeal. Cox v. Cox, 39 Kan. 121, 17 Pac. 847; Griffin v. Farrier, 32 Minn. 474, 21 N. W. 553; Long v. Davis, 136 Iowa, 734, 114 N. W. 197.

Plaintiff was not required to prove each and all of the statements which he claimed defendant made as inducement to the sale. Long v. Davis, supra; Scholfield Gear & Pulley Co. v. Scholfield, 71 Conn. 1, 40 Atl. 1046; Somers v. Richards, 46 Vt. 170.

If a vendor has superior knowledge of the property sold, and knowingly gives a false opinion in regard to a material fact, with the intention of defrauding the purchaser, an action may be maintained against him for fraud. Collins v. Jackson, 54 Mich. 186, 19 N. W. 947; Cressler v. Rees, 27 Neb. 515, 20 Am. St. Rep. 691, 43 N. W. 363; Rimer v. Dugan, 39 Miss. 477, 77 Am. Dec. 687; Berge v. Eager, 85 Neb. 425, 123 N. W. 454; Smith v. Werkheiser, 152 Mich. 177, 15 L.R.A.(N.S.) 1092, 125 Am. St. Rep. 406, 115 N. W. 964; Harvey v. Smith, 17 Ind. 272; Shaeffer v. Sleade, 7 Blackf. 178.

And the intention to misrepresent and defraud is generally a question for the jury. Nowlin v. Snow, 40 Mich. 699.

Where reliance upon statements of the vendor is pleaded and proved by plaintiff, the burden is upon defendant to establish the fact that plaintiff did not rely upon his statements. Plaintiff had the right to rely upon his vendor's statements and to assume their truth, and he was not required to further inquire. 2 Pom. Eq. Jur. 891; Hicks v.

Stevens, 121 Ill. 186, 11 N. E. 241; Fargo Gas & Coke Co. v. Fargo Gas & E. Co. 4 N. D. 223, 37 L.R.A. 593, 59 N. W. 1066.

"If a vendor combines with a third person so that they conspire to mislead the purchaser as to the value of the property sold, it will be such fraud as will render him liable to an action." Kenner v. Harding, 85 Ill. 264, 28 Am. Rep. 615; Barron v. Myers, 146 Mich. 510, 109 N. W. 862; Griffin v. Farrier, 32 Minn. 474, 21 N. W. 553.

The fact that plaintiff made inquiries elsewhere which did not disclose the falsity of the representations is no defense. Foley v. Holtry, 43 Neb. 133, 61 N. W. 120; Graham v. Moffett, 119 Mich. 303, 75 Am. St. Rep. 393, 78 N. W. 132; Miller v. Curtis, 27 Jones & S. 127, 13 N. Y. Supp. 604.

The questions of value and of damages are questions for the jury. They are questions of fact to be determined from all the evidence and circumstances in the case. The jury, having passed upon them, settles these questions conclusively. Seckerson v. Sinclair, 24 N. D. 625, 140 N. W. 239; Tubbs v. Garrison, 68 Iowa, 44, 25 N. W. 921; Thomason v. Capital Ins. Co. 92 Iowa, 73, 61 N. W. 843; Ish v. Marsh, 1 Neb. (Unof.) 864, 96 N. W. 58; Chilson v. Houston, 9 N. D. 498, 84 N. W. 354; Bank of Spearfish v. Graham, 16 S. D. 49, 91 N. W. 340; National Bank v. Taylor, 5 S. D. 99, 58 N. W. 297; Moon v. McKinstry, 107 Mich. 668, 65 N. W. 546.

Burke, J. Action for damages for alleged misrepresentation inducing a trade of properties.

In November, 1911, the defendant, Smith, was a real estate agent and also was operating a newspaper, and plaintiff was a farmer. About the 8th of that month plaintiff came to the office of defendant and either requested him to print notices of sale of his property, or to list his farm for sale. The property which he had desired to sell, and which was afterwards traded to defendant, consisted of a quarter section of land upon which there was a mortgage of $1,000, four mules, one colt, one harvester and binder, one sulky plow, one wagon, one sled, one harrow, one drill, one disk, two sets of double work harness, which personal property was mortgaged in the sum of $770. There is some dispute as to the number of horses, but it is not material to a decision of the action. Defendant proposed to trade him a building at Berth-

hold for the property, and as an alternative offered to trade to him a newspaper plant at Max, North Dakota. Plaintiff made an examination of the property at Berthhold and was about to close a trade when, later, he exchanged said property for the newspaper.

This action is brought for damages alleged to have been sustained by false representations made by defendant in effecting the trade. Plaintiff has not rescinded, but seeks to recover the difference between the value of the plant as represented to him and what it is actually worth. In his brief, plaintiff said: "The false representations which we contend the appellant made to respondent and which constitute the fraud and deceit on the part of appellant, and which were made to induce the respondent to make the deal upon which the respondent in good faith relied, are the following:

"(a) That the newspaper plant, known as the Max Enterprise, was of the value of $3,000, whereas in truth and in fact the said newspaper plant was not worth more than $600 or $700.

"(b) That the Max Enterprise was earning and would earn for the plaintiff from $120 to $150 per month clear, whereas in truth and in fact, the said newspaper plant, while it was owned by the appellant, did not earn any sum whatsoever clear; and for the respondent, the gross receipts of two months were only between $60 and $70, which was insufficient to pay the expenses of its operation.

"(c) That the Max Enterprise had 600 subscribers, whereas in truth and in fact the said newspaper plant had only 260 papers, which included not only the paid subscribers, but all the papers printed for all purposes.

"(d) That the appellant, for the purpose of inducing the respondent to exchange property, represented to him that one Taylor would go into partnership with him, and that said Taylor was an expert printer and newspaper man, whereas in truth and in fact the said appellant suggested such a partnership as a part of his general fraudulent scheme to deceive and defraud the respondent in inducing him to make the exchange of the property.

"(e) That in order to induce the plaintiff to rely on his representations and to make the trade in reliance thereon, the appellant agreed to trade back in the event that the newspaper plant was not as represented, whereas, in truth and in fact, the appellant never had any intention of

trading back, but that said offer to trade back was made simply for the purpose of bringing about the exchange and for no other purpose."

At the trial, after the evidence was received, defendant moved for judgment dismissing the action on the grounds that plaintiff had entirely failed in his proof. This was followed by a motion for judgment notwithstanding the verdict. We will take up the five propositions upon which plaintiff relies, and consider them in the order named:

(1) Taking up the first item, that defendant represented the Max Enterprise to be worth $3,000; that plaintiff relied upon the same; that the plant was not worth, in fact, more than $600 or $700. The burden of proof is upon the plaintiff to establish each of these three propositions: First, as to the representation; this is supplied by the testimony of the plaintiff himself and was probably sufficient to go to the jury. Second, as to the actual value of the plant at the time of the transfer there is also a total failure of proof. Plaintiff testifies to the value of certain articles such as presses, type, and stock, which he placed at a small valuation, but he does not take into consideration the good will of the business, subscription list, or bills receivable. Besides, he has not shown himself qualified to place a valuation upon the stock given. The only other evidence offered was of later owners of the paper, and they were limited to giving the later value of the stock. It requires no argument to show that the value of the plant may have either increased or decreased rapidly within a year. Because of this failure alone, defendant was entitled to a directed verdict upon this cause of action. Third, that plaintiff relied upon such alleged misrepresentations.

An examination of the evidence, which we are unable to produce through lack of space, convinces a majority of the court—but not the writer—that there was sufficient evidence to go to the jury upon the question whether plaintiff relied upon the representation that the plant was worth $3,000. Ryder and Max are but 25 miles apart, and all of the tangible property in the printing shop was in plain sight. It is not claimed that Smith represented that the physical property was worth $3,000, but that the plant was worth so much. This is a hard matter to reduce to a certainty when we consider the good will, subscription list, bills receivable, and other items of possible value upon which there is no proof in this record. It is apparent that, so far as this alleged misrepresentation is concerned, there is a total failure of proof of the falsity of such representation.

(2) The next alleged misrepresentation is that the Max Enterprise was earning and would earn for the plaintiff from $120 to $150 per month. Plaintiff's testimony upon this point does not bear out the allegations of his complaint.

He testifies:

Q. What did he say, if anything, with reference to what the plant is earning? Was that $120 or $150 per month? Did he say whether that was what the plant earned, or what?

A. That is what the plant *ought to earn* clear (italics ours).

Q. When he was talking with you about this deal back at Plaza, when he was talking with you about how much the paper earned a month, did he say it was earning $120 or $150 a month, or did he tell you, if properly handled, it could be made to earn $120 clear?

A. He said that if I didn't make that, he would give the plant to me.

Q. Give me that again. What was it Smith said?

A. He said, "If you don't make that, he would give the plant to us." That is what he agreed to, trade back.

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

Q. We want exactly what he said.

A. He said that the business *would bring* $120 to $150 per month clear.

Q. That it would do that?

A. Yes, that it would.

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

Q. He said that the business would bring $120 to $150 a month clear?

A. That is what it would bring. It would make that much money for me.

It thus appears that in place of defendant having represented that the plant had been earning $120 to $150 a month, that all plaintiff claims is that the defendant said that it would earn that in the future. This is not proof of the allegations of this complaint. Beare v. Wright, 14 N. D. 26, 69 L.R.A. 409, 103 N. W. 632, 6 Ann. Cas. 1057; notes in 10 L.R.A.(N.S.) 640, and 24 L.R.A.(N.S.) 735. Moreover the record does not disclose that those statements were false. The only

proof offered being that during the first month plaintiff was in charge of the paper, he collected between $60 and $70 *in cash.*

He was asked:

Q. Then you do not know how much that was put on the books that month?

A. I don't know anything about it. I told him, We have gotten around the business, and they would have to boom it for me.

Thus, so far as the proof goes, the paper may have been earning the amount represented.

(3) The third alleged misrepresentation relates to the subscription list. Here again there is a total failure of proof.

The only evidence offered was by plaintiff himself, who states:

Q. Do you know how many paid subscribers it had when you took possession in 1911, yes or no?

A. No.

While his counsel made a desperate effort by leading questions to induce him to testify as to his knowledge, he did not do so. It is needless to say that a verdict cannot rest upon this kind of testimony.

(4) This relates to the representation that Taylor would go into partnership with plaintiff. There is nothing in this to show the misrepresentation. Taylor did in fact go into partnership with the plaintiff. There is no evidence in the record sustaining plaintiff's contention that this partnership was a fraudulent scheme to deceive and defraud respondent. Taylor was working for defendant and was a distant relative of his by marriage, but these alone do not show a conspiracy. There is absolutely not a word of testimony in the record showing any such conspiracy.

(5) This relates to the alleged misrepresentation that defendant would trade back with plaintiff if he were dissatisfied. The evidence is undisputed that plaintiff sold a half interest in the newspaper to Taylor and never was in a position to rescind the contract. This being the case, it is impossible to tell whether or not defendant was acting in good faith in making this representation, if it were in fact made.

Upon an examination of the whole record it thus appears that there is a total failure of proof to sustain any of the causes of action alleged. For the errors above enumerated a new trial is ordered.